IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

HERBERT DAUGHTRY,

    PLAINTIFF                                    11 Civ 6718 (DAB)(RE)

    vs                                           COMPLAINT
                                                 [JURY TRIAL]
THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER "L" PAVANO,
individually and in his
official capacity, NEW YORK
CITY POLICE OFFICER "JOHN DOES",
individually and in their
official capacities,

    DEFENDANTS
_____

## I.  INTRODUCTION

    1.  This litigation arises out of the Plaintiff's stop, detention, and custodial arrest on July 13 at or about 5:30 P.M. in the vicinity of East 167th Street and Grant Avenue, Bronx, New York and the subsequent detention and the Plaintiff's subsequent incarceration until he was released after his appearance at an arraignment on July 14, 2011 at or about 10:30 A.M. in the Criminal Court of the City of New York, the County of the Bronx, and the State of New York when and where the charge, which was preferred against him, was dismissed.

    2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

    3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.  The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction. The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

6.  The Plaintiff has filed a timely Notice of Claim.

7.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

8.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

## III. THE PARTIES

9.  The Plaintiff is an African American citizen and resident of the City of New York, the County of the Bronx, and the State of New York.

10. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

11. Defendants "L" Pavano and "John Does" are New York City Police Officers and agents and employees of the City

of New York.  Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York,  they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

## IV. ALLEGATIONS

12. This is a litigation which arises out of the Plaintiff's stop, detention, and custodial arrest on July 13, 2011 at or about 5:30 P.M. in the vicinity of East 167th Street and Grant Avenue, Bronx, New York and his subsequent detention and incarceration until he appeared at an arraignment in the Criminal Court of the City of New York, the County of the Bronx, and the State of New York at or about 10:30 A.M. on July 14, 2011 and the charge, which was preferred against the Plaintiff was dismissed.

13. The Plaintiff, who is an African American citizen and resident of the City of New York, County of the Bronx, and the State of New York, is nineteen [19] years of age.

14. The Plaintiff's birth date is January 9, 1992.

15. The Plaintiff is single and has no children.

16. The Plaintiff resides on Valentine Avenue in the City of New York, the County of the Bronx, and the State of New York.

17. The Plaintiff resides at the afore-described location with his mother and step father.

18. The Plaintiff has resided at the afore-described location for approximately fourteen [14] years.

19. The Plaintiff has one sibling, an older sister.

20. The Plaintiff graduated from the Bronx Preparatory Academy in June, 2010.

21. At present the Plaintiff is enrolled at the Borough of Manhattan Community College [BMCC] and has been enrolled thereat since August, 2010.

22. At present the Plaintiff is employed at KFC and he has been employed thereat for approximately one month.

23. Prior to his employment at KFC, the Plaintiff was employed at Regal Entertainment for approximately ten [10] months from August, 2010 until May, 2011.

24. The incident which gives rise to this litigation commenced on July 13, 2011 at or about 5:30 P.M. in the vicinity of East 167th Street and Grant Avenue, Bronx, New York.

25. The Plaintiff, who had before the incident which gives rise to this litigation been arrested on only one prior occasion for a minor marijuana offense which was dismissed previously and who has never been convicted of any criminal offense, was in a vehicle belonging to his cousin.

26. The Plaintiff has a New York State issued driver's license.

27. However, the Plaintiff was not driving the vehicle in which he was situated on the date in question and at the time of the event which gives rise to this litigation.

28. The Plaintiff was in the front passenger seat of the vehicle.

29. The vehicle was a 1996 Honda Accord.

30. The Plaintiff was on his cell telephone at the time that the vehicle, in which he was riding, was stopped and detained [as hereinafter described].

31. Christopher Done was driving the vehicle.

32. Christopher Done is a friend of the Plaintiff.

33. Jose Dominquez, another of the Plaintiff's friends, was in the back seat.

4

34. The vehicle was headed toward the location where Christopher Done worked not too distant from the location of the stop and detention [as hereinafter described] in the vicinity of East 167th Street and Grant Avenue, Bronx, New York.

35. The vehicle had a temporary tag in the rear left window.

36. The vehicle's temporary tag was issued out of the State of Georgia and was due to expire on or about August 4, 2011.

37. The Plaintiff's cousin had purchased the vehicle and possessed the bill of sale in his custody.

38. The Plaintiff possessed the certificate of insurance coverage on the vehicle issued to the Plaintiff's cousin.

39. At or about the vicinity of East 167th Street and Grant Avenue in the Bronx, a marked New York City police vehicle stopped and detained the vehicle in which the Plaintiff was riding.

40. Approximately four uniformed New York City police officers exited the vehicle and approached the vehicle in which the Plaintiff was riding.

41. An exchange took place in which the Plaintiff advised the Officers that the vehicle, in which he was riding, belonged to his cousin.

42. The Plaintiff provided the insurance documentation for the vehicle to the Officers.

43. Another New York City Police Department marked vehicle [car] came on the scene and it is believed that two uniformed officers exited from that vehicle.

44. The interior of the vehicle was searched and it is believed that the trunk to the vehicle was also searched.

45. The Officers removed the temporary tag from the vehicle.

46. The Officers claimed that a run was made on the tag and that there was no recording of the temporary tag.

47. The Plaintiff was handcuffed and taken into custody while the driver of the vehicle, Christopher Done, and the other passenger, Jose Dominquez, were let go from the location.

48. The Plaintiff was frisked, placed in a New York City Police Department vehicle and transported to the 44th Precinct.

49. The Plaintiff was fingerprinted and photographed at the 44th Precinct.

50. The Plaintiff was given a summons while being detained in custody at the 44th Precinct for having the tag on the vehicle in a location which allegedly obstructed the view.

51. At or about 1:30 A.M. the Plaintiff was transported to Bronx Central Booking rather than being released with the Summons that he was issued and given at the 44th Precinct.

52. The Plaintiff was detained in custody at Bronx Central Booking until or about 10:30 A.M. when he appeared before a Judge at an arraignment in the Criminal Court of the City of New York, the County of the Bronx, and the State of New York.

53. The Plaintiff heard the Judge ask the prosecutor where the driver of the vehicle, in which the Plaintiff was sitting, was and the Plaintiff heard the prosecutor's representative indicate that he did not know and had no information about the driver.

54. The case was dismissed.

55. On September 22, 2011, the Summons, which was issued to the Plaintiff, was dismissed when the Plaintiff appeared in the Court that he was required to go in order to contest the Summons which related to the tag on a window allegedly blocking the driver's vision.

56. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York

City Police Officers, each of whom is an agent and employee of the City of New York.

57. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York. Among the officers involved in the actions and conduct herein described was the Plaintiff's arresting officer who it is believed is Officer L. Pavano, Registry Id. # 94958.

58. There was no probable cause for the arrest of the Plaintiff.

59. The Plaintiff was falsely arrested.

60. There was no basis for the handcuffing and for frisk search of the Plaintiff.

61. There was no basis for the imprisonment of the Plaintiff.

62. The actions and conduct herein described were propelled by the quality of life and gun and drug crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

63. Such quality of life crime offense enforcement initiative propels officers to seek out arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress quality of life crime offenses and other crime offenses.

64. The policy and practices have a disproportionate impact on African Americans who, because of their race, are often times and for no other reason but the race factor, are singled out for stops, detentions and arrests.

65. The Plaintiff was unlawfully stopped and detained and was otherwise taken into custody and falsely arrested and subjected to excessive, unreasonable and unnecessary detention and racially discriminatory conduct and an

7

otherwise unlawful, unnecessary and unreasonable conditions to his stop and detention and custodial arrest including handcuffing and frisk search.

66. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

67. The actions, conduct, policies and practices, and custom violated the Plaintiff's rights under the laws and Constitution of the State of New York including false arrest, excessive, unnecessary, and unreasonable detention and an unlawful handcuffing and an unlawful frisk search and associated assault and battery.

68. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

69. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma.

70. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

71. The Plaintiff has no other adequate remedy at law but for the institution of this litigation.

V.   CAUSES OF ACTION

A.   FIRST CAUSE OF ACTION

72. The Plaintiff reiterates Paragraph #'s 1 through 71 and incorporates such by reference herein.

73. The Plaintiff was unlawfully stopped and detained and was falsely arrested and falsely imprisoned in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

74. The Plaintiff suffered injuries and damages.

### B.   SECOND CAUSE OF ACTION

75.   The Plaintiff reiterates Paragraph #'s 1 through 74 and incorporates such by reference herein.

76.   The Plaintiff was unlawfully stopped and detained and falsely arrested and falsely imprisoned in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

77.   The Plaintiff suffered injuries and damages.

### C.   THIRD CAUSE OF ACTION

78.   The Plaintiff reiterates Paragraph #'s 1 through 77 and incorporates such by reference herein.

79.   The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

80.   The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

81.   The Plaintiff reiterates Paragraph #'s 1 through 80 and incorporates such by reference herein.

82.   The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

83.   The Plaintiff suffered injuries and damages.

### E.   FIFTH CAUSE OF ACTION

84.   The Plaintiff reiterates Paragraph #'s 1 through 83 and incorporates such by reference herein.

85.   The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the

United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

86.  The Plaintiff suffered injuries and damages.

### F.  SIXTH CAUSE OF ACTION

87.  The Plaintiff reiterates Paragraph #'s 1 through 86 and incorporates such by reference herein.

88.  The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

89.  The Plaintiff suffered injuries and damages.

### G.  SEVENTH CAUSE OF ACTION

90.  The Plaintiff reiterates Paragraph #'s 1 through 89 and incorporates such by reference herein.

91.  Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

92.  The Plaintiff suffered injuries and damages.

### H.  EIGHTH CAUSE OF ACTION

93.  The Plaintiff reiterates Paragraph #'s 1 through 92 and incorporates such by reference herein.

94.  The Plaintiff was subjected to unreasonable conditions of his stop and detention and custodial arrest including a frisk and including handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

95.  The Plaintiff suffered injuries and damages.

I.   NINTH CAUSE OF ACTION

96.   The Plaintiff reiterates Paragraph #'s 1 through 95 and incorporates such by reference herein.

97.   The Plaintiff was subjected to unreasonable conditions of his stop and detention and custodial arrest including a frisk and including handcuffing and assault and battery in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

98.   The Plaintiff suffered injuries and damages.

J.   TENTH CAUSE OF ACTION

99.   The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates such by reference herein.

100.   It is believed that the City of New York overwhelmingly represents New York City Police Officers in federal Court Section 1983 civil rights litigations where the New York City Police Officer is accused of unlawful conduct.

101.   It is believed that, over the last decade if not longer, the City of New York has paid all compensatory and/or punitive damage awards assessed by federal courts where the City of New York has represented a New York City Police Officer and such damages have been assessed against the Officer[s].

102.   It is believed, too, that the City of New York regularly pays settlements of federal Court Section 1983 civil rights cases in which the New York City Attorney's office represents New York City Police Officers whose conduct has been challenged as unlawful and unconstitutional.

103.   Under federal claim jurisdiction of this Court, the City of New York is the real party in interest.

104.   Per federal claim jurisdiction and under the doctrine of vicarious <u>respondeat</u> <u>superior</u> liability, the City of New York is responsible for the Section 1983 unconstitutional conduct of its agent and employee New York City Police Officers for the Officers' unlawful and unconstitutional conduct.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a]   Invoke pendent party and pendent claim jurisdiction.

    [b]   Award appropriate compensatory and punitive damages.

    [c]   Award appropriate declaratory and injunctive relief.

    [d]   Empanel a jury.

    [e]   Award attorney's fees and costs.

    [f]   Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
       September 26, 2011

Respectfully submitted,

/s/James I. Meyerson\_\_
JAMES I. MEYERSON
Suite # 502
New York, New York 10038
[212] 226-3310
[212] 513-1006/FAX
jimeyerson@yahoo.com

ATTORNEY FOR PLAINTIFF
BY:_____